**TEXAS EMPLOYERS INS. ASS'N v. INGE et al.**

**No. 4521.**

Court of Civil Appeals of Texas. El Paso.

July 10, 1947.

Rehearing Denied July 24, 1947.

Hart Johnson, of Ft. Stockton, and Whitaker, Turpin, Kerr, Smith & Brooks, and William L. Kerr, all of Midland, for appellant.

Travers Crumpton, of Ft. Stockton, for appellees.

PRICE, Chief Justice.

This is an appeal from Pecos County, in a workman's compensation case. In a trial before the Court, the surviving beneficiaries of T. G. Inge recovered from the insurance carrier of the employer P. W. Appleby.

There is but one question posed by the appeal. That is, was the deceased Inge in the course of his employment when he received his fatal injuries?

The facts are undisputed and agreed to by the parties. The employer Appleby was a well contractor engaged in drilling a well in Pecos County. This well was located 31 miles from Ft. Stockton, and there were no sleeping accommodations at the site of the well for the workmen engaged in drilling same. The drilling crew, of which Inge was a member, lived in Ft. Stockton and drove in an automobile daily back and forth from that point to the well. The automobile was furnished by a member of the crew, but to such member of the crew

furnishing the automobile the employer paid seven cents per mile for each mile going and returning from the well, if he transported his co-employees.

On the day of the fatal accident, Inge furnished the automobile, and riding with him were his co-employees Bell and Baker. When the day's work at the well was completed, the three started on their return trip to Ft. Stockton. After reaching the State Highway they proceeded along same toward Ft. Stockton. In the course of the trip, their car ran into the rear end of a truck proceeding in the same direction and Inge was killed as a result thereof.

At the time Inge was employed nothing was said as to transportation from Ft. Stockton to the well, save that the employee furnishing the automobile for transportation was to receive seven cents per mile. It seems to have been optional with the employees as to whether or not they used the automobile so provided or one of their own, but if an employee used his own car for his sole transportation he would not get paid therefor. The practice resorted to relative to transportation was in the interest of the employer and he authorized and acquiesced therein and paid for the use of the car in the transportation.

The employer sought to exercise no control over the manner of driving the men to and from the work, save they must arrive at a time fixed by the employer. He did not direct the route to be pursued, and the men received no pay for the time consumed in going and returning from the well. However it is not thought that the agreed facts excludes the inference that the employer had the right of control. Article 8309, Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 8309, after several exclusive provisions having no application here, provides as to what is included in the term "injury sustained in the course of employment." The portion deemed applicable is as follows: " * * * but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employe while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

A compensable injury must be received in the course of employment. This is a condition embodied by the statute. As sustaining the proposition that this injury was not received in the course of employment, appellant cites the following cases: Republic Underwriters v. Terrell, Tex.Civ.App., 126 S.W.2d 752; Smith v. Texas Employers Insurance Assn., 129 Tex. 573, 105 S.W. 2d 192, 193; Texas Employers Ass'n v. Grammar, Tex.Civ.App., 157 S.W.2d 701; Bozant v. Federal Underwriters Exchange, Tex.Civ.App., 159 S.W.2d 973, 974, wr. ref.

Great stress is placed upon the case of Republic Underwriters v. Terrell, supra. In that case the employer paid for the gasoline used by the employee in going to and returning from work. The employee was paid a regular monthly wage. The finding of the trial court that the employee was in the course of his employment when killed was inferred from the fact that the employer was paying for the gasoline used in going to and from the place of work. The Court held the inference unjustified and reversed and remanded the case in favor of the insurance carrier.

Here the employee furnishing the car was paid by the employer seven cents per mile for furnishing transportation for himself and his fellow employees. The very means of the transportation, and transportation was furnished by the employee in that he paid for same. It is here asserted that the employer had no right of control over the car of Inge or the other employee that might drive same. It is not thought that this inference is compelled from the agreement as to the facts. However, it is not thought that this is conclusive in the matter. The means of transportation were made available by the employer and used for his benefit, with his consent and acquiescence. It is thought there could be little distinction between a case where the employer furnished the conveyance and where he paid for the use of the conveyance to transport his employees. The case relied upon recognizes that where an employee is riding to and from work in a con-

veyance furnished by the employer he is in the course of his employment within the statutory definition.

As illustrating the liberality with which the courts in this sort of case have construed the phrase "in the course of employment"· see Employers Reinsurance Corp. v. Jones, Tex.Civ.App., 195 S.W.2d 810; Hartford Accident & Indemnity Co. v. Bond, Tex. Civ.App., 199 S.W.2d 293.

Appellees in their brief have supplied us with one authority, the case of Maryland Casualty Co. v. Mason, 5 Cir., 158 F.2d .244. The facts in the two cases are very similar. It is thought the only difference is the driver of the car in that case was not the injured party but the car was driven by a co-employee. The injury was held compensable as a matter of law. In support of the holding the opinion cites Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63; and Fritzmeier v. Texas Employers' Insurance Association, 131 Tex. 165, 114 S.W.2d 236. The two cases lend strong support to the holding of the United States Circuit Court of Appeals.

An employee making permissive use of his employer's means of transportation is acting in the course of his employment. Jones v. Casualty Reciprocal Exchange, Tex.Civ.App., 250 S.W. 1073, writ denied. The case of American Mutual Liability Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844, 846, is deemed to have important bearing here. In this case the employee driving the car was paid by his co-employees to transport them to and from work. True he was killed on the premises while there in his car on his way to pick up his co-employees who had driven with him that morning to the plant. Parker had not worked at the plant the day he was killed but had driven there with that intention. It is said in the majority opinion: "In traveling across the premises of his employer to pick up the riders at the end of their shift, he was working in the interest of his employer. These facts constituted substantial evidence in support of the jury's finding that deceased sustained his fatal injuries while in the course of his employment."

In view of the above case, and the cases cited and discussed in the majority opinion, as sustaining the disposition thereof, it is thought that the deceased Inge was at least in performance of acts incidental to his employment when he was killed. In transporting himself and his co-employees from the well he was acting with the consent and acquiescence of his employer and in his interest.

Liberty Mutual Insurance Co. v. Nelson, 142 Tex. 370, 178 S.W.2d 514, is cited in the opinion in American Mutual Liability Co. v. Parker, supra. In the Nelson case the employee was held to be acting in the scope of his employment when killed on the streets of Houston outside working hours, operating his own automobile at his own expense. The service performed for his employer was not required but was purely voluntary on the part of Nelson.

The furnishing of Inge's automobile for the transportation of employees to and from the drilling was one of the means used by the employer to accomplish the drilling of the well. It was agreed no living accommodations were available at the site of the well. Automobile transportation to and from same was a practical necessity to accomplish the employer's purpose. In driving his car to and from the site, deceased Inge was not only serving his own interest but that of his employer. He was making available the service of his co-employees. All this with the express approval and acquiescence of the employer.

In substance the employer furnished the transportation for the employees. Western Indemnity Co. v. Leonard, Tex.Com.App., 248 S.W. 655.

There is no error reflected in the record. It is ordered that the judgment of the trial court be in all things affirmed.