**Sid SHAVER et al., Appellants,**

**v.**

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 15699.**

Court of Civil Appeals of Texas.

Fort Worth.

March 23, 1956.

Rehearing Denied April 20, 1956.

Anderson & Latham and Steve Latham, Wichita Falls, for appellants.

Jones, Parish & Fillmore, and Stanley C. Kirk, Wichita Falls, for appellee.

RENFRO, Justice.

Appellants Hawkins and Shaver sued appellee Allstate Insurance Company for medical expenses incurred as a result of injuries sustained in an automobile accident. They alleged that appellee had issued to W. W. Richter a policy of insurance which provided for payment of medical benefits up to $2,000 to each occupant of Richter's automobile who might be injured while a passenger in said automobile. Appellee, in answer, plead a provision of the policy excluding such medical payments to any person if benefits therefor were payable under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.; that appellants were injured while in the course of their employment, were entitled to benefits under the Workmen's Compensation Law and were, therefore, not entitled to payments for medical benefits under Richter's policy with appellee.

The trial court held that at the time of the accrual of the causes of action appellants were entitled to benefits under the Workmen's Compensation Law and so were not entitled to recover medical payments from appellee.

The holding of the court is assigned as error.

Hawkins, Shaver and Richter were employees of Johnston Oil Company, Inc. Hawkins was the driller. Shaver and Richter were "roughnecks", employed by Hawkins. When Hawkins was employed he was informed he would receive an hourly wage and in addition would receive $1.50 per day for each crew member as transportation expenses. The expense money was paid to Hawkins and he was authorized to use it in any manner he saw fit. Hawkins told Shaver and Richter they would receive $1.50 "a head" for each day they used their cars. In going to and from work each man used his own car every third day. Hawkins kept a record as to the car used each day, and upon receiving the expense money would divide it among himself, Richter and Shaver. All three lived in Wichita Falls, 36 miles from the well site. No living quarters were available at or near the site. The $1.50 per man expense money was allowed for transportation. The employer authorized Hawkins to advise his crew they were to receive such transportation money in addition to their hourly wages, and Hawkins so advised Shaver and Richter.

On March 10, 1955, after completing the day's work and while returning home in Richter's car, all three were injured in a collision with another vehicle.

As of the time of trial of this case appellants had not filed claim for workmen's compensation benefits. Appellee is not the compensation carrier for Johnston Oil Company.

The question before us is whether or not the above facts are sufficient as a matter of law to uphold the trial court's finding that appellants Hawkins and Shaver were entitled to benefits under the Workmen's Compensation Law.

It is a general rule that an employee is not to be regarded as being within the scope of his employment while going to and returning from his work over and along the public streets and highways. United States Fidelity & Guaranty Co. v. Flanagan, Tex. Com.App., 134 Tex. 374, 136 S.W.2d 210; Smith v. Texas Employers' Ins. Ass'n, Tex. Com.App., 129 Tex. 573, 105 S.W.2d 192.

The Supreme Court has held, however, that the general rule is not applicable and that the workman is acting in the course of his employment when he is going to or returning from work in cases where the transportation is furnished by the employer as a part of the contract of employment. Fritzmeier v. Texas Employers' Ins. Ass'n, Tex.Com.App., 131 Tex. 165, 114 S.W.2d 236; Western Indemnity Co. v. Leonard, Tex.Com.App., 248 S.W. 655.

In Maryland Casualty Co. v. Mason, 5 Cir., 158 F.2d 244, the court held that injuries, sustained by an oil well driller in an automobile accident while en route from

work to town where he and other members lived, were compensable as received in " 'course of employment' " within Texas Workmen's Compensation Act, where nearest available living quarters were a considerable distance from oil field and employer paid a member of the crew 7 cents per mile for transportation of crew by automobile to and from work. The claimant in the above case was riding with another crew member when injured.

In the case of In re Jensen, 63 Wyo. 88, 178 P.2d 897, the facts are quite similar to those in the instant case. It was there held that an oil well drilling corporation, paying one member of crew a specified sum per mile for driving crew members in his automobile between the city where they resided and their place of work, at which no arrangements for their living accommodations were made, supplied them with free transportation to and from their homes as incident of the employment contract, so that injuries sustained by one of them while riding in an automobile, driven by another member, on the way home from work, were compensable.

In Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 809, 91 L.Ed. 1028, the court had before it a situation where employees were paid $2 per day as transportation expenses. The employees formed a car pool, alternating the use of cars. The employer was aware of the arrangement and acquiesced therein. It was there held that an employee, who was killed while driving his own car, was in the course of his employment. The court said: " * * where the employer has promised to provide transportation to and from work, the compensability of the injury is in no way dependent upon the method of travel which is employed. From the statutory standpoint, the employer is free to carry out its transportation obligation in any way the parties desire; and the rights of the employees to compensation are unaffected by the choice made."

Our Supreme Court in commenting on the last three cases above cited stated in Texas Employers' Ins. Ass'n v. Inge, 146 Tex. 347, 208 S.W.2d 867, 869, "We believe that the reasoning of these cases is sound and that it is applicable here." The facts in the Inge case were that Inge was hired as a "roughneck". He was told all workmen on the job used private cars and the workman furnishing transportation for himself and fellow workmen would receive, in addition to wages, 7 cents per mile for transportation expenses. Inge was fatally injured in an accident while en route from work to his home. The court held the injuries were received in the course of his employment. In the opinion the court said: "The substance of the arrangement was that the members of the drilling crew were being transported to the well location free of cost to them; and this was an important part of their contract of employment."

The Supreme Court of North Carolina in Puett v. Bahnson Co., 231 N.C. 711, 58 S.E.2d 633, held that where the cost of transporting employees to and from work was made an incident to the contract of employment, injuries sustained in automobile accident by employees on their way to work were compensable as having arose out of and in course of employment.

■ Under the provisions of Article 8309, V.T.C.S., the mere fact that the injuries occurred on the highway and not on the employer's premises would not necessarily preclude recovery by appellants if it can be said the injuries had to do with and originated in the work of the employer and were received by them while engaged in or about the furtherance of the employer's affairs or business.

In the instant case the employer's affairs and business were being furthered by the transportation of the members of the crew to and from the well site in Richter's car as effectually as if the employer himself owned the automobile while it was being used. See Texas Employers' Ins. Ass'n v. Inge, supra.

Living accommodations were not available near the well site. It was to the interest of the employer that its employees have a means of transportation. As held in the Cardillo case, supra, the employer was free

to carry out transportation in any way the parties desired. The employer chose to pay each man $1.50 per day per man when he used his car for such purposes. Hawkins, the driller, was authorized to arrange the transportation. The arrangements were made as noted. The purpose of the expense, or transportation money, was to secure and retain the employees on the job at the well.

Under authority of the cases cited we think the trial court was warranted, in view of the evidence, in finding, as far as the parties to this suit are concerned, that the payment of transportation expenses to the crew was a part of the contract of employment between appellants and Johnston Oil Company, and the transportation of the crew to and from work was an incident to the performance of such employment, and that appellee was not liable to appellants under its policy.

Judgment affirmed.