**MERCURY LIFE INSURANCE COMPANY, Appellant,**

v.

**Aurelio MATA et al., Appellees.**

No. 13265.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 29, 1958.

Rehearing Denied Feb. 26, 1958.

Kelley, Looney, McLean & Littleton, Aldrich & McDonald, Ralph Alexander, Edinburg, for appellant.

Ewers, Cox & Toothaker, Rafael H. Flores, McAllen, for appellee.

BARROW, Justice.

This suit was brought by appellees, Aurelio Mata, Cruz Barron Mata, and Alvaro Dominguez, Trustee, against Mercury Life Insurance Company. Aurelio Mata and Cruz Barron Mata are the parents of Pablo Barron Mata, deceased, who was a Mexican agricultural worker under contract in the United States as provided by the agreement between the United States and Mexico concerning migrant labor. Alvaro Dominguez is Consul of Mexico, and is the beneficiary, as trustee of the heirs of Pablo Barron Mata, under the terms of the insurance policy issued by appellant, and, in the alternative, as trustee of Cruz Barron Mata, the beneficiary designated by Pablo Barron Mata, the insured.

The policy sued upon is a combination health, accident and life insurance policy, issued by appellant, Mercury Life Insurance Company, and provided for payment of $1,000 in case of loss of life resulting solely from occupational injury, and also for the payment of $1,350 in case of death from any cause while insured under the policy. Such policies were issued as required by the migratory labor treaty and regulations between the United States and Mexico, and were required to be in force from the time the worker entered the United States at the reception center until he was returned to the reception center at Hidalgo, Texas.

Pablo Barron Mata was one of 600 Mexican workers contracted for by Keene Labor Co-operative Association for the period from July 9, 1956, to August 20, 1956, and for a fifteen-day extension of that period in case the workers were needed for such additional time. The Keene Labor Co-operative was an association of some forty farmers in Hidalgo, Cameron and Willacy Counties, who were associated together and composed the Association. In securing these workers, known as braceros, the Association acted for all the members and the workers were assigned to them as needed. Some sixty of these braceros, including Pablo Barron Mata, were assigned to Manuel Villareal, a member and director of the Association. It was the duty of the Association under the contract to return the worker, upon completion of the contract, to the reception center at Hidalgo, Texas, and it was the worker's duty to return to the reception center by such method of transportation as was provided by the Association.

On August 21, 1956, Villareal's cotton picking having been completed, the braceros under his charge were transported from his farm to the office of the Association at Lyford, Texas, where they were "checked out" as to any pay due them, etc., and then thirteen of them including the deceased Mata were ordered to get into Villareal's truck and placed in charge of Villareal's brother for delivery to the reception center. The braceros were told to sit down in the truck. Villareal's brother drove the truck, selected the route and had general charge of Mata and the others until the

accident which resulted in the death of Mata, and which occurred on the trip to the reception center. While riding in Villareal's truck, Mata was killed by a large pole striking him, while the pole was being transported in the opposite direction by a Central Power and Light Company truck.

The case was tried to the court which rendered judgment in favor of Alvaro Dominguez as trustee for Cruz Barron Mata, the named beneficiary, for the amount of $1,350 under the life policy, and for $1,000 under the accident policy, "plus 12% thereof as damages as provided by law, together with $800 attorneys' fees." The trial court filed findings of fact and conclusions of law.

It appears that after the death of Pablo Mata, appellee Alvaro Dominguez, Consul of Mexico in McAllen, Texas, wrote appellant notifying it of Mata's death and seeking payment of the insurance benefits, whereupon appellant, in a letter written to the Consul, tendered two drafts totalling $1,350 for non-occupational death and denied liability for any additional amount for death resulting from occupational injury. These two drafts were refused by appellees for the reason that they had written on them the wording "for release of all claims."

By its first point, appellant contends that the court erred in its finding that the deceased, Pablo Mata, was killed as a result of an occupational injury as defined by the policy of insurance. We overrule this contention. The policy defines an occupational injury as being one arising "solely out of and in the course of employe's occupation or employment for gain or profit." While it is true that the deceased was not actually engaged in any work at the time he was killed, yet the question of occupational injury is a question of fact to be determined, not from the terms of the policy but by the contract of employment and the facts surrounding the case. Texas Employers' Insurance Ass'n v. Davidson, Tex.Civ.App., 295 S.W.2d 482;

Texas Employers' Insurance Ass'n v. Anderson, Tex.Civ.App., 125 S.W.2d 674.

The Standard Work Contract signed by the employer, the worker, a representative of the Government of Mexico and a representative of the Department of Labor, provided that the transportation of the Mexican worker from the reception center at which he was contracted to the place of employment and return to the reception center, as well as food, lodging and other necessary expenses en route, shall be paid by the employer. The Contract, on page 5, also provided, "Upon termination of this Contract, the worker will be returned to: Hidalgo Reception Center."

Pursuant to the terms of this Contract, the employer in a truck selected by him and belonging to one of the Association directors and being driven at the Association's instructions, proceeded to transport Mata and twelve other braceros to the Reception Center at Hidalgo, which was located sixty miles from the place of employment. There was no other means of transportation available to the Center. The Association which contracted the braceros was still responsible for them until they had been delivered at the Center and a clearance received there.

On the return trip to the Center at Hidalgo, the workers were under control of the Association's agent, and were insured from the time they were contracted at the Center until they were returned to the Center and a manifest issued to appellant.

The rule seems to be settled in Texas, that where transportation is furnished by the employer as a part of the contract of employment and the employee is injured or killed during the course of said transportation, he is in the course of his employment. Texas Employers' Insurance Ass'n v. Inge, 146 Tex. 347, 208 S.W.2d 867; Fritzmeier v. Texas Employers' Ins. Ass'n, 131 Tex. 165, 114 S.W.2d 236; Lumberman's Reciprocal Ass'n v. Behnken, 112

Tex. 103, 246 S.W. 72, 73, 28 A.L.R. 1402. Appellant's first point is overruled.

■ By its second point appellant complains that the court erred in holding that appellees were "entitled to recover 12% of the said sum of $2,350 in addition to the said sum under the provisions of Article 3.62 of the Insurance Code of the State of Texas, and reasonable attorneys fee." Appellant makes three contentions under this point: First, that appellees are not the holders of the policy; second, that appellees' demand was excessive, and, third, that the evidence on attorneys' fees is not sufficient and the award of $800 is too high. Article 3.62, Texas Insurance Code, V.A. T.S., provides:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

Two policies were issued. The life insurance was issued to the deceased, Pablo Mata, and the accident policy was a group policy covering a group of workers, including the deceased. It is contended by appellant that inasmuch as the group policy was issued to Keene Labor Co-operative Association, it was the holder of the policy and it only could recover under the attorney fees statute. It is evident that the Keene Labor Co-operative Association was not the insured, nor the beneficiary, and had no interest in the proceeds of the policy and no justiciable interest therein. The beneficiary in a policy of this kind is the holder of the policy within the meaning of the penalty and attorney fees statute.

Grand Lodge Free and Accepted Masons of Texas v. Walker, Tex.Civ.App., 110 S.W.2d 945; Johnson v. Woodmen of the World Life Ins. Soc., Tex.Civ.App., 203 S.W.2d 331.

■ It is true that appellees wrote to appellant claiming the sum of $2,700 on the two claims, but it is not shown that appellant was misled by this letter. The correspondence was treated by all parties as a demand for payment under the policies. Appellant did not make an unconditional tender of the amount it admitted to be due, but tendered it conditioned upon its acceptance in full settlement of all claims.

■ The award of attorney fees is a matter primarily for the trial court. In view of the fact of appellant's conditional tender which made it necessary for appellees to sue for the entire amount of $2,350, and in view of the record before us, the award of $800 is not excessive. Appellant's second point is overruled.

■ By appellant's third point complaint is made that the award of judgment in favor of Alvaro Dominguez as trustee for Cruz Barron Mata is not supported by the evidence. In that connection, it appears that in the policies no beneficiary was named. It also appears that the deceased did not make application for the insurance, but that the issuance of the policies is a part of and required by the regulations. It appears that the deceased signed an application for work, as a part of the procedure, in which he named his mother, Cruz Barron, as beneficiary. This paper, among others, was used by appellant's agent in preparing the policies. The fact that the beneficiary was not named in the policies is the fault of appellant's agent. Moreover, it is noteworthy that appellant in making the tender of the $1,350, made it to the trustee.

■ Appellant's fourth point is without merit. Even if the trial court was in error in finding that the deceased was in-

sured for a period of fifteen days after the expiration of the work contract, the error is harmless. Appellant urges that such grace period was operative only if the employee were needed, and that the evidence is that the work contract ended the day before the accident. This finding is immaterial and harmless for the reason that the deceased was still in the course of his employment at the time of the accident. Rule 434, Texas Rules of Civil Procedure.

We find no merit in appellant's fifth point.

The judgment is affirmed.