WESTERN ALLIANCE INSURANCE COMPANY, Appellant,

v.

Julia Shay JECKER, Appellee.

No. 5516.

Court of Civil Appeals of Texas.

El Paso.

Oct. 10, 1962.

Rehearing Denied Nov. 14, 1962.

Guittard & Henderson, Harry F. Maddin, Victoria, for appellant.

Huson & Bissett, and Gerald T. Bissett, Refugio, Keys, Russell, Keys & Watson, Corpus Christi, for appellee.

CLAYTON, Justice.

This is an appeal from a judgment of the District Court of Refugio County, Texas in which appellee was awarded benefits under the Workmen's Compensation Act against appellant, an insurance carrier, for the death of her husband, Lawrence K. Jecker, who succumbed from injuries received in an automobile collision which occurred on September 16, 1958. Appeal was originally perfected to the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio and was transferred to the Eighth Judicial District at El Paso by order of the Supreme Court of Texas for the purpose of equalizing the docket.

Trial in the district court was to a jury. Certain matters having been stipulated, the

trial judge confined his charge to three special issues. In answer to Special Issue No. 1, the jury found that at the time of the fatal accident the deceased was in the course of his employment with Bay Chevrolet, Incorporated, an automobile and appliance business of Palacios, Texas. In answer to Special Issue No. 2 the jury found that the plaintiff would suffer manifest hardship and injury if the compensation awarded, if any, were not paid in a lump sum, and the jury further found, in answer to Special Issue No. 3, that the deceased was not "in a state of intoxication" at the time of the accident. This last-mentioned special issue was deemed by the trial court to be necessary, under the evidence, by virtue of the provision of the Texas Workmen's Compensation Law, Article 8309, Texas Revised Civil Statutes, Sec. 1: "The term 'injury sustained in the course of employment,' as used in this Act, shall not include * * * 3. an injury received while in a state of intoxication."

After denying a motion for judgment non obstante veredicto, the trial court entered judgment for plaintiff on the verdict, from which judgment this appeal is taken.

Appellant's Points of Error Nos. Two and Three are directed at the jury's finding, in answer to Special Issue No. 1, that deceased was in the course of his employment at the time of the fatal accident, asserting that there was no evidence to support such finding and that the same was so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and unfair.

Since our ruling on these two points of error is, we believe, determinative of this case, these points of error will be discussed first.

Deceased was employed as a salesman, delivery man and service man in the appliance department of the Bay Chevrolet Company of Palacios, Texas, under the direct supervision of Charles Luther, President and Manager of the corporation. In

March 1958 the deceased arranged with his employer to sell to and install an electric range in the home of the nephew of the deceased's wife, one Wallace Shay, who lived in Refugio, Texas. The deceased made the trip to Refugio and with the aid of a helper delivered and installed the range and entered on a charge ticket against the company an item for labor for the helper. Mr. Luther testified that an item of $3.20 was also entered in the company's books as an expenditure for gasoline used in the company pickup truck in making the trip. In June of 1958 the deceased made another trip to Refugio to replace a broken control panel on the range. A charge ticket made out in connection with this trip showed an item of $3.20 for gasoline for the trip, but the record is not clear whether the pickup truck or the personal car of the deceased was used for transportation on this trip. On the day he received his fatal injuries, September 16, 1958, the deceased made another trip to Refugio to again replace the control panel and a switch and surface unit on the range and it was while he was returning to Palacios that he received, in an automobile collision, the injuries from which he died. His personal car was being used for this trip. Sometime after the death of her husband, Mrs. Jecker presented a "slip ticket" to Mr. Luther for reimbursement for gasoline used by the deceased and charged on his personal credit card. This reimbursement was not made, Mrs. Jecker testifying that she thought Mr. Luther stated, "We won't quibble about a small thing like that."

In any event, had the employer actually paid or agreed to pay the employee for gasoline consumed on trips outside of the employer's place of business and pursuant to the requirements of his employment, this would not take this case out of the provisions of the general rule in Texas that in cases arising under the Workmen's Compensation Law compensation is not allowed for injuries to employees while going to or returning from the place of their employment. Republic Underwriters v. Terrell,

126 S.W.2d 752 (Tex.Civ.App.1939, n. w. h.).

Before the amendment in 1957 of Article 8309, Workmen's Compensation Law, which added Section 1b to said Act, the Supreme Court of Texas, in an opinion written by the now Chief Justice, in the case of American General Insurance Company v. Coleman, 157 Tex. 377, 303 S.W.2d 370, sets out the following:

"The general rule is well settled that an injury incurred in the use of public streets or highways in going to and returning from the place of employment is not a compensable injury because not incurred in the course of the employment as required by Article 8309, Vernon's Annotated Texas Statutes. (Citing cases). There are exceptions to the rule. An injury incurred in going to or returning from work is held to be in the course of a workman's employment where the means of transportation is furnished by the employer. (Citing cases). So, also, where the employer pays another to transport the injured employee. Texas Employers' Ins. Ass'n v. Inge, 146 Tex. 347, 208 S.W.2d 867. An injury is held to be in the course of a workman's employment if in going to or returning from his place of employment or his place of residence he undertakes a special mission at the direction of his employer, or performs a service in furtherance of his employer's business with the express or implied approval of his employer. (Citing cases). This exception to the general rule is well stated in the opinion of the Court in the case last cited, where it is said: 'In Texas it is held that an accidental injury resulting from the hazards of the public streets is compensable if the employee at the time of the injury is actually engaged in the performance of a duty required by his contract of employment, or is engaged upon some mission incidental to his employment, of substantial benefit to, and with the express or implied approval of, his employer.' [Associated Indemnity Corp. v. Bush, 5 Cir.] 201 F.2d [843] 844."

See also: St. Paul Mercury Ins. Co. v. Dorman, 341 S.W.2d 480 (Civ.App.1960) (ref'd. n. r. e.)

In the instant case the means of transportation of the deceased was not furnished by the employer, nor did the employer pay anyone else to transport the deceased, nor was there any "special mission" at the direction of the employer in the trip taken by the deceased from Palacios to Refugio and return; nor was the trip even urged by the employer.

Effective September 1, 1957 Section 1b was added to Article 8309 of the Workmen's Compensation Law, and provides as follows:

"Sec. 1b. Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

Subsequent to the above enactment, in Whisenant v. Fidelity and Casualty Company of New York, 354 S.W.2d 683, the Dallas Court of Civil Appeals (1962) (ref'd. n. r. e.), after reciting the general rule as set out in the Coleman case, supra, that an injury occurring in the use of public streets or highways in going to and returning from the place of employment is not a compensable injury, employs the following language:

"Thus, by legislation, there are four exceptions to the general rule concerning non-compensability of travel injuries. We apply these exceptions to the facts before us. The first exception, that transportation is furnished by the employer is manifestly not applicable in that appellant, pursuant to his own arrangement with his employer, furnished his own automobile for that transportation previously furnished by the employer. Moreover, even under the original arrangement whereby the employer furnished transportation such was only furnished between the plant at Dallas and Fort Worth. The second exception, that the transportation is paid for by the employer, is likewise inapplicable. There is no evidence in this record that the employer paid for the transportation at the time of the sustaining of the injuries in question. It has been definitely held that the mere furnishing by the employer of gasoline for the employee's automobile does not constitute the furnishing of transportation. Republic Underwriters v. Terrell ([Tex.] Civ.App.), 126 S.W.2d 752, err. ref. The third exception pertaining to control of the employer of the means of transportation is not applicable here. Appellant testified that his employer made no effort to control his actions between the time he left his residence and the time he reached the company plant. He testified that no effort was made to direct him as to when he should leave home; what route he should take; the speed he should drive his vehicle. As far as this record shows it was completely immaterial to the employer as to how appellant proceeded from his residence to the plant. The record would indicate that it was immaterial to the employer whether appellant spent the night at home, or elsewhere, or whether he proceeded to the plant in the morning in his own car, by bus, or even walking."

We feel that the reasoning of the court in the Whisenant case is equally applicable to the case before us and further feel that the fourth exception relating to the so-called "special mission" line of cases does not apply in the instant case.

■ It is our holding, therefore, that appellant's Points of Error Nos. Two and Three are well taken under the facts and circumstances in this case, and that the court, in not having granted judgment in favor of the appellant notwithstanding the verdict, committed error which requires that this case be reversed and hereby rendered. Appellant's Points of Error Nos. Two and Three are sustained.

In the light of such finding it is unnecessary to rule on appellant's Points of Error Nos. Four and Five relative to manifest hardship if compensation were not paid in a lump sum, since there can be no compensation in this case.

Appellant's Point of Error No. One cites error on the part of the trial court in not submitting to the jury a definition of "state of intoxication" as that matter was submitted in Special Issue No. 3. We have concluded that the trial court did not err in failing to submit the requested definition, and such point of error is accordingly overruled.

Points of Error Nos. Six and Seven maintain that there is no evidence to support the jury's finding in answer to said Special Issue No. 3, that the deceased was not in a state of intoxication at the time of the fatal accident, and that such finding is so contrary to the overwhelming preponderance of the evidence as to be manifestly

unjust and unfair. We have carefully reviewed the entire record and have concluded that the evidence is sufficient to sustain the jury's finding on Special Issue No. 3, and these points of error are likewise overruled.

However, in view of our holding on appellant's Points of Error Nos. Two and Three, which we have previously stated control the disposition of this case, it follows that this case must be reversed and here rendered for appellant, and it is so ordered.