**John C. WATSON, general partner, Appellant,**

v.

**LIMITED PARTNERS OF WCKT, LTD., Appellee.**

**No. 12728.**

Court of Civil Appeals of Texas, Austin.

Aug. 2, 1978.

Rehearing Denied Aug. 30, 1978.

Robert J. Werner, Hilgers, Watkins, Ledbetter & Hays, Austin, for appellant.

William T. Hall, Austin, atty., for Clinton E. Craven.

James H. Keahey, Austin, pro se.

O'QUINN, Justice.

In this action two limited partners of WCKT, Ltd., a Texas limited partnership, seek recovery of their capital investment from the general partner on claims that the general partner, who had sole control of the partnership affairs, failed to manage the affairs as a fiduciary, resulting in loss of the limited partners' contributions to capital.

In response to special issues a jury found that the general partner failed to manage the partnership in exercise of ordinary care, failed to act with the highest degree of loyalty, fairness, candor, and good faith toward the limited partners, and that the general partner's conduct was a proximate cause of damages to the limited partners. The jury also awarded damages in the sum of $5,400, but all parties agreed there was no evidence to support that answer to the special issue on damages.

The general partner moved for judgment *non obstante veredicto,* and the limited partners moved for judgment based on the jury verdict, except the answer as to damages. The trial court entered judgment that the limited partners each recover $15,-900, the amount of contributions to capital, together with interest.

The general partner, John C. Watson, has appealed and brings two points of error. The limited partners, Clinton E. Craven and James H. Keahey, are appellees.

Watson contends *first* that there is no evidence, or insufficient evidence, of any damages proximately caused by the general partner's conduct in managing affairs of the partnership. *Second,* Watson asserts error in grant of recovery of capital contributions on the theory of money had and received because (1) the limited partners received consideration for their contributions through interest in the partnership and share in partnership profits and (2) the limited partners failed to rescind the partnership contract as an essential element of an action for money had and received.

We will overrule the points of error and affirm judgment of the trial court.

The essential facts of the case are stated succinctly by the trial court in findings set out in the judgment:

"1. Plaintiffs Clinton E. Craven and James H. Keahey, limited partners in WCKT, Ltd., a limited partnership, contributed $15,000 each to the initial capital of WCKT, Ltd. in 1972. The two Plaintiffs later contributed an additional $900 each to the capital of the limited partnership in 1974.

"2. Upon acceptance of Plaintiffs' contributions to capital, the general partner, Defendant John C. Watson, undertook the duty to manage the affairs of the limited partnership as a fiduciary, owing the highest degree of loyalty, fairness, candor and good faith to Plaintiffs.

"3. During the life of the limited partnership, from August, 1972 until the appointment of a receiver by this Court in October, 1974, Defendant John C. Watson, as general partner, had sole control of and responsibility for the affairs of the limited partnership. Defendant John C. Watson failed to manage the affairs of the limited partnership as a fiduciary, which failure was a proximate cause of damage to Plaintiffs.

"4. WCKT, Ltd. is wholly without assets and Plaintiffs' entire contributions to capital have been dissipated and lost.

"5. Plaintiffs Clinton E. Craven and James H. Keahey are entitled to the return of their contributions to capital as money had and received by Defendant John C. Watson through his legally imposed promise to manage the affairs of the limited partnership as a fiduciary."

A narrative summary of events leading to this lawsuit is appropriate. WCKT, Ltd. was organized as a Texas limited partnership whose business was ownership and rental of five fourplexes in Austin. This action was brought by three limited partners of WCKT, Ltd. against the general partner, but by the time of trial one of the limited partners abandoned the suit, with Clinton E. Craven and James H. Keahey, the remaining limited partners, continuing.

The partnership had its beginning after the three limited partners, on advice of their accountant, sought a common investment in 1972, and in course of their search met John C. Watson, later to become the general partner in WCKT, Ltd. Watson at that time was in the process of building five fourplexes. After several meetings with Watson, the partnership was created and the plan adopted by which the partnership would buy the multiple dwelling structures from Watson for $45,000 cash and assumption of $241,000 in construction loans which Watson had from Mutual Savings Institution. The three limited partners contributed $15,000 each to furnish the $45,000. A $5,000 capital contribution by Watson was not to be returned to him upon a sale and he was not to participate in profits from the limited partnership until the limited partners had recovered their $45,000, after which each of the four partners would acquire twenty-five percent of the partnership.

By late summer of 1973 the five fourplexes had been completed and Watson furnished a financial report indicating the buildings were making a profit, on the basis of which Watson distributed $150 to each of the three limited partners. But early in 1974 Watson revealed that the financial information he furnished in August the year before was inaccurate, and the buildings were admittedly losing money. Watson also revealed additional debts and requested return of the $150 previously distributed, and the limited partners returned the money. At Watson's suggestion additional money was borrowed from a bank, with the limited partners co-signing, in effect making further capital contributions of $500 each.

Watson later reported trouble with his apartment manager, whom he discharged, and an overdraft at the bank, to which the limited partners responded by making additional contribution to capital of $400 each. Beginning in May of 1974 the partnership was dissolved and entered the process of winding up its business. Suit was filed in

October and a receiver was appointed. At that time WCKT, Ltd. had $341 in cash, owned unsecured debts of $10,252, with secured debts of $10,448 on furniture and a past-due debt secured by the buildings in the amount of $232,620.

The receiver managed the properties for a year and paid the unsecured creditors *pro rata* to allow the lending institutions to repossess the furniture and to buy the four-plexes at a trustee's sale. Subsequently, about three weeks before the present lawsuit went to trial, Watson repurchased the five fourplexes individually, to the exclusion of the limited partners. One of the limited partners testified at the trial, in summation, "John Watson started as the owner of this project, he got our $45,000, we have lost it, it's gone, the receivership has no assets, John Watson owns the property again."

Appellant Watson contends under his first point of error that the evidence affords no basis "for computation of the amount of damages proximately caused by the Defendant's [Watson's] breach of fiduciary duty," and that in the absence of such evidence the trial court erred in failing to grant Watson a judgment that the limited partners take nothing by their suit.

The trial court found that the two limited partners contributed $15,900 each in capital of the partnership and concluded that the limited partners were "entitled to the return of their contributions to capital as money had and received by Defendant John C. Watson through his legally imposed promise to manage the affairs of the limited partnership as a fiduciary."

■ In a limited partnership the general partner, acting in complete control, stands in the same fiduciary capacity to the limited partners as a trustee stands to the beneficiaries of the trust. *Cook v. Peacock*, 154 S.W.2d 688, 691 (Tex.Civ.App. Eastland 1941, writ ref'd w. o. m.); *Conrad v. Judson*, 465 S.W.2d 819, 828 (Tex.Civ.App. Dallas 1971, writ ref'd n. r. e., cert. den., 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 582).

In a general partnership, the managing partner has been held to owe his copartners "one of the highest fiduciary duties recognized in the law." *Huffington v. Upchurch*, 532 S.W.2d 576, 579 (Tex.Sup.1976). Other authorities in agreement, reviewed in *Huffington*, are *Smith v. Bolin*, 153 Tex. 486, 271 S.W.2d 93 (1954); *MacDonald v. Follett*, 142 Tex. 616, 180 S.W.2d 334 (1944); *Meinhard v. Salmon*, 249 N.Y. 458, 164 N.E. 545 (1928).

■ Where it has been shown that the fiduciary relationship has been violated, as in this case, restitution is a recognized measure of recovery, although that may not be the only remedy available. See Dobbs on *Remedies* (1973), Secs. 4.1, 10.4. The suit is not one for damages as such, but to recover money had and received. It is not required that the limited partners show loss of speculative profits. On the contrary, in such situation the fiduciary must account for all he has received. *Kinzbach Tool Co., Inc. v. Corbett-Wallace Corporation*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942); *Anderson v. Griffith*, 501 S.W.2d 695, 702 (Tex. Civ.App. Fort Worth 1973, writ ref'd n. r. e.).

The relief through restitution granted by the trial court in this case was granted under similar facts in the recent case of *Russell v. Truitt*, 554 S.W.2d 948 (Tex.Civ. App. Fort Worth 1977, writ ref'd n. r. e.). In *Russell* joint venturers in an apartment construction and management project brought suit against their appointed agent to recover money had and received and for exemplary damages. The court held that the plaintiffs were "entitled to their recovery as a matter of law" upon proof of the breach of fiduciary duty, and it was not necessary to decide whether the breach was a proximate cause because "The breach automatically results in the forfeiture of the agent's compensation." 554 S.W.2d 952.

The uncontradicted proof in this record supports the finding that each of the limited partners paid Watson $15,900 as contributions to capital, and the conclusion that such contributions as money had and received by Watson are by restitution due the limited partners is supported by law.

Watson's contentions on appeal that the limited partners are not entitled to restitution because (1) the limited partners received full consideration and (2) failed to plead rescission of the limited partnership agreement, are without merit.

The essential consideration was not the twenty-five percent interest in the project and a share in the profits, which was returned at Watson's request. The basic agreement was that the limited partners, who were without knowledge of apartment management, would require that Watson, as the general partner, assume management and control of the project. Without Watson's agreement to handle the business of management for the partnership, the limited partners had interests worthless to them, and their contributions to capital were made only after Watson agreed to accept fiduciary performance.

When Watson failed in his performance, as the jury found, his breach automatically resulted in forfeiture of the money advanced to him in consideration that he assume the job of general partner and have as his part a twenty-five percent interest. *Russell v. Truitt, supra*, 554 S.W.2d 952.

Watson argues on appeal that the limited partners may not recover because they failed to seek by pleadings to "rescind the partnership agreement by transferring their interests in the partnership to the general partner in exchange for a return of their capital contributions."

At the time of trial there was nothing to rescind, for WCKT, Ltd. no longer existed. If such pleadings were appropriate at any stage in the course of litigation, and we do not believe a plea of rescission in this case was required, no objection was made by the general partner, and the failure, if it was a failure, has been waived. Rules 45, 67, and 90, Texas Rules of Civil Procedure.

We have carefully considered all points of error, arguments, and authorities presented in behalf of Appellant Watson, and all points and contentions under them are overruled.

The judgment of the trial court is in all things affirmed.

Affirmed.