**Eddie ROSE, Appellant,**

v.

**James T. ODIORNE, Ancillary Receiver of National Allied Insurance Company, Impaired Company, Appellee.**

**No. 3–89–117–CV.**

Court of Appeals of Texas, Austin.

June 6, 1990.

Rehearing Overruled Oct. 17, 1990.

John E. Collins, Dallas, for appellant.

Robert D. Stokes, Flahive, Ogden & Latson, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

In this worker's compensation case, we must decide whether genuine issues of material fact exist that preclude summary judgment relating to whether appellant was injured while acting within the course of his employment. Appellant was injured in an automobile accident while driving home from work. The trial court granted summary judgment for appellee. We will reverse the judgment of the trial court.

The summary judgment record shows that appellant was employed by Pyramid Drilling, Inc., as a floor hand on a drilling rig. Appellant had just completed an eight-hour shift of "dry-watching" the rig when he was injured in an automobile accident while driving his own car from the well to his home in Cross Plains. The well-site, located near Throckmorton, was approximately eighty to ninety miles from his home, and the trip took about one and one-half to two hours each way. Appellant took his usual route home from work that night without making any detours relating to his employment. He did not perform any task relating to his job, and he had none to perform. The only way to reach the site was by automobile. Appellant was paid for driving to and from the site. Under the terms of his employment arrangement, a drilling crew of four drove together to the site each day. They rotated driving responsibilities; each drove his own personal car every fourth day. Pyramid paid the driver either $20.00 or $25.00 per day for gas and expenses, depending upon the distance driven. Due to damage to the rig incurred the day before appellant's accident, there was a delay in drilling. On the date in question, the crew did not go together as was usual. Appellant was required to serve a shift at the site guarding the well from theft. No employees were at the site; only the nearby landowner was present. Appellant took a non-employee friend with him for company, and he made the usual notation on his time record so that he could be paid $20.00 for his travel on this date. Returning home, he was involved in an accident on the highway.

The Industrial Accident Board awarded appellant benefits. Appellee appealed the Board's final order to the district court. Appellant brought a counterclaim for the full amount of benefits to which he believed he was entitled. Appellee moved for summary judgment on the ground that appellant was injured while neither acting in the course of his employment, nor furthering the work, business, or affairs of Pyramid at the time of the accident, because he was traveling his usual route home from work, had no duties to perform, and was not on a work errand at the time of the accident. Appellant responded to the motion for summary judgment on the basis that although he was injured in an accident on his usual route home from work, there was a genuine issue of material fact as to whether he was acting in the course of his employment because his employer furnished transportation as part of his employment contract or otherwise paid him for his transportation. The trial court granted appellee's motion for summary judgment.

Appellant complains that the trial court erroneously rendered summary judgment because there are genuine issues of material fact relating to whether transportation was furnished as a part of his contract of employment and to whether the employer paid appellant for his transportation. Tex. Rev.Civ.Stat.Ann. art. 8309, § 1b (1967).[1] Appellee responds that this is irrelevant because it proved as a matter of law that there is no genuine issue of material fact as to whether appellant received his injury while he was acting in the course of em-

---

1. Since amended. *See* 1989 Tex.Gen.Laws, 2d C.S., ch. 1.

ployment. Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (1967). We hold that appellee failed to establish conclusively that appellant was not acting in the course of his employment or in furtherance of his employer's business when injured.

■ In reviewing a motion for summary judgment, we must determine whether the movant has shown that there is no genuine issue of material fact as to an essential element of the plaintiff's cause of action and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). We must take as true all evidence favoring the non-movant, as well as indulge every reasonable inference and resolve every doubt in favor of the non-movant. *Id.* at 549. We will not consider evidence favoring the movant's position unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). A summary judgment for the defendant disposing of the entire case and all claims for relief is proper only if, as a matter of law, defendant has shown that the plaintiff could not succeed upon any theory pleaded.[2] *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); Hittner, *Summary Judgment in Texas*, 20 St. Mary's L.J. 243, 268–71 (1989).

To recover worker's compensation benefits, a claimant must prove that his injuries were suffered while he was acting in the course of his employment. *Lujan v. Houston Gen. Ins. Co.*, 756 S.W.2d 295, 296 (Tex.1988); Tex.Rev.Civ.Stat.Ann. art. 8306, § 3b (1967). One is injured "in the course of employment" if the injury was of such kind and character as had to do with and originated in the employer's business *and* if the injury was received while the employee was engaged in or was about the furtherance of the employer's business. *Deatherage v. International Ins. Co.*, 615 S.W.2d 181, 182 (Tex.1981); art. 8309, § 1.

■ As a general rule, an injury received while traveling to and from work is not compensable. *Janak v. Texas Employers' Ins. Assoc.*, 381 S.W.2d 176, 178 (Tex.1964); art. 8306, § 1b. Instead, such injuries are considered to be suffered as a consequence of the same risks to which the general public is subject, rather than having to do with the employer's business. *Texas Gen. Indem. Co. v. Bottom*, 365 S.W.2d 350 (Tex.1963).

■ Article 8306, § 1b provides that unless transportation is furnished as a part of the contract of employment or is paid for by the employer, transportation shall not be the basis of a claim that an injury suffered during such transportation is suffered in the course of employment (two other exceptions in § 1b are not applicable here). Appellant incorrectly suggests that the disjunctive nature of this statute requires that if Pyramid furnished or paid for his transportation, his injury was incurred in the course of employment.

If a worker is injured during travel to and from work, he is deemed not to be injured in the course of his employment, and his injury is not compensable unless he meets one of the requirements of § 1b by showing, for example, that the employer paid for or furnished the transportation. *Janak*, 381 S.W.2d at 178. If the employee comes within one of the § 1b exceptions, then his injury may be considered the basis for a claim. In the event transportation is furnished or paid for by the employer, the employee may be entitled to compensation if he can prove that he sustained his injury in the course of his employment within the criteria set forth in § 1. *Bottom*, 365 S.W.2d at 353 (Tex.1963); *Liberty Mut. Ins. v. Chesnut*, 539 S.W.2d 924, 926 (Tex. Civ.App.1976, writ ref'd n.r.e.).

■ It is undisputed that the employer paid appellant $20.00 per day for transportation. Proof of this fact does not entitle appellant to compensation but only prevents his injury from being excluded from coverage simply because it was sustained while he was traveling to or from work.

2. Although appellee was initially the plaintiff below, the court granted its motion to realign the parties.

*Agricultural Ins. Co. v. Dryden,* 398 S.W.2d 745, 747 (Tex.1965). In other words, but for the furnishing or paying of transportation, appellant's injury could not be compensable because he was traveling home from work. However, because Pyramid paid for his transportation, appellant is permitted to show that his injury is otherwise compensable. Appellant still was required to prove that his injury satisfied the § 1 requirements in order to recover. Appellant's position is partially correct; the burden remained upon appellee as movant to prove that appellant was not acting in the course of his employment. Appellee could not meet this burden by simply showing that appellant was traveling home from work, because appellant came within an exception in § 1b.

Thus, in order to prevail on the merits, appellant was required to prove that he was acting in the course of his employment at the time of the injury, that is, that the injury originated in the employer's business and was sustained during the furtherance of the employer's business. *Bottom,* 365 S.W.2d at 353. On the other hand, if appellee established as a matter of law that appellant was not acting in the course of employment when he sustained his injury, then summary judgment would be proper because appellee would have established as a matter of law that there is no genuine issue of fact as to one element of appellant's theory of recovery. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). The burden to make such proof in the first instance is upon the movant. Thus, in order to prevail on summary judgment, appellee must show that there is no material issue of fact as to whether appellant's injury was of a kind and character that had to do with and originated in the work, business, trade, or profession of his employer and was received while he was engaged in or about the furtherance of the affairs or business of his employer. *Id.* at 353; *United States Fire Ins. Co. v. Eberstein,* 711 S.W.2d, 355, 357 (Tex.App.1986, writ ref'd n.r.e.). Appellee failed to do so.

As appellee states, the question for this Court is whether the summary judgment proof established as a matter of law that appellant was not acting in the course and scope of his employment at the time of the accident.[3] When an injury occurs while an employee is traveling pursuant to the express or implied requirements of the employment contract, which requires him to subject himself to travel risks, the injuries are deemed to grow out of the employment and are considered to be incurred in the course of employment. *Jecker v. Western Alliance Ins. Co.,* 369 S.W.2d 776, 778 (Tex.1963). However, the employer's gratuitous furnishing or paying transportation as an accommodation to the worker and not as an integral part of the employment contract (i.e., that the employer need not furnish transportation in order to secure workers) does not by itself render compensable an injury occurring during such transportation. *Bottom,* 365 S.W.2d at 353; *Eberstein,* 711 S.W.2d at 357. The employee still must prove he was acting in the course of his employment at the time.

Appellee argues that the compensation for travel was furnished gratuitously, as an accommodation to the employees, and not as an integral part of the employment contract. Our review of the summary judgment record, however, shows that it is silent on each of these points and at best fails to prove the matter conclusively. Appellant testified by deposition to the facts set out above. The record shows only that the payment was made. It contains no proof from the employer or explanation for the purpose served by the payment, if any. As stated in *Millers Mut. Fire Ins. Co. v. Rawls,* 500 S.W.2d 545 (Tex.Civ.App.1973, writ ref'd n.r.e.), the problem in each case is to determine whether the relationship between the travel and the employment was a necessity from the employer's perspective and not just an accommodation. *Id.* at 548. We cannot say whether the payment was an integral part of the employment contract, but neither can we say that it was not.

---

**3.** We note that both parties insist that this is not a situation involving the "dual purpose" provision of § 1b, and neither relied upon that issue below.

It has been held that the location of a drilling site in an uninhabited area made it essential that the employer furnish transportation to employees, *Texas Employers' Ins. Assoc. v. Byrd*, 540 S.W.2d 460, 462–3 (Tex.Civ.App.1976, writ ref'd n.r.e.), and that it was necessary that the employer furnish transportation in order to secure employees. *Texas Employers' Ins. Assoc. v. Adams*, 555 S.W.2d 525, 529 (Tex. Civ.App.1977, writ ref'd n.r.e.). Again, merely furnishing transportation is not enough to establish that travel to and from the work site is done in the course of employment. The employee must further show that he was injured while in furtherance of the employer's business. That requirement can be satisfied by showing that the plan was essential for transporting employees to the remote job site, the benefits that the plan confers upon the employer, and the necessity of the plan in order to operate the rig as required. *Byrd*, 540 S.W.2d at 462; *Chesnut*, 539 S.W.2d at 928. The plan must constitute a necessity of employment and not just a mere accommodation.

Appellee had the burden to prove conclusively that appellant was acting outside the scope of his employment in order to obtain summary judgment. He claims that he did so. We do not agree. The proof shows that appellant was driving his regular route home with no work-related duties on the way. But the undisputed proof also shows that the well-site was far away, requiring a four-hour drive daily, that the employer had a plan for transporting his crews together so that they arrived and left at the same time for work, that the site was remote, and that the employer paid compensation for the travel. While this proof does not establish that appellant was in the course of his employment at the time of injury, it precludes us from holding that as a matter of law he was not acting in the course of employment. Because there is some proof that the plan was beneficial to the employer, indicating that the trip was in furtherance of the employer's business, summary judgment for appellee was improper.

We will reverse the judgment of the district court and remand the cause for trial on the merits.