**Angela DUNLAP–TARRANT,**
**Appellant,**

v.

**ASSOCIATION CASUALTY**
**INSURANCE COMPANY,**
**Appellee.**

**No. 11–05–00221–CV.**

Court of Appeals of Texas,
Eastland.

Nov. 16, 2006.

Allen Moore, Law Office of Allen Moore, Odessa, for appellant.

Christopher J. Ameel, Adami, Goldman & Shuffield, Austin, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and McCLOUD, S.J.*

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

Angela Dunlap–Tarrant appeals from a take-nothing summary judgment in a workers' compensation case. The defendant, Association Casualty Insurance Company, filed a traditional motion for summary judgment and a no-evidence motion for summary judgment. The trial court granted the no-evidence motion. We affirm.

Dunlap asserts in her sole issue on appeal that the trial court erred in granting summary judgment. We must review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.; Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex.2002). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Wal–Mart*, 92 S.W.3d at 506. We may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex.2004).

In its no-evidence motion, the defendant asserted that there was no evidence that the injury in this case was compensable. Death benefits are recoverable under the Texas Workers' Compensation Act[1] if a compensable injury to the employee results in death. Section 408.181. A compensable injury is defined by Section 401.011(10) as "an injury that arises out of and in the course and scope of employment for which compensation is payable." "Course and scope of employment" is defined as:

[A]n activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations. The term does not include:

(A) transportation to and from the place of employment unless:

(i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;

(ii) the means of the transportation are under the control of the employer; or

(iii) the employee is directed in the employee's employment to proceed from one place to another place; or

(B) travel by the employee in the furtherance of the affairs or business of the employer if the travel is also in furtherance of personal or private affairs of the employee unless:

(i) the travel to the place of occurrence of the injury would have been made even had there been no personal or private affairs of the employee to be furthered by the travel; and

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Tex. Lab.Code Ann. §§ 401.001–419.007 (Vernon 2006).

(ii) the travel would not have been made had there been no affairs or business of the employer to be furthered by the travel.

Section 401.011(12).

In this case, we must determine whether Dunlap presented more than a scintilla of summary judgment evidence showing that Robert L. Tarrant was acting within the course and scope of his employment at the time of his fatal injury and, thus, incurred a compensable injury. Dunlap filed a response to the defendant's motions for summary judgment. To her response, Dunlap attached her deposition and documents from Tarrant's employer, Pro Inspection Inc. of Odessa.

Dunlap's summary judgment evidence showed that Tarrant left their home in Odessa in his personal pickup at 5:00 a.m. on Tuesday, August 21, 2001, to drive to his job site—a plant in Denver City. Around 6:00 a.m., while on the way to Denver City, Tarrant rolled his pickup and died later that morning from injuries sustained in the accident. Tarrant's work shift was to start at 7:00 a.m. Tarrant was paid a per diem of $50 for lodging and meals on Monday through Thursday of each week. Tarrant was also paid for travel time and mileage on Monday morning and Friday evening. Rather than using the per diem to stay in Denver City on week nights, Tarrant chose to drive the 117.5 miles back to Odessa every night. Pro Inspection's wage statement tended to indicate that Tarrant was paid for some mileage in addition to one round trip between Odessa and Denver City per week.

■ The general rule has long been that an injury incurred in the use of public streets or highways while traveling to or from work is not a compensable injury and does not occur in the course and scope of employment because the general public is subject to the same risks. *Am. Gen. Ins.*

*Co. v. Coleman*, 157 Tex. 377, 303 S.W.2d 370, 374 (1957); *Rose v. Odiorne*, 795 S.W.2d 210, 213 (Tex.App.-Austin 1990, writ denied). There are exceptions to the rule as noted in Section 401.011(12) and in case law. *See Coleman*, 303 S.W.2d at 374–75; *Rose*, 795 S.W.2d at 213–14.

In her brief, Dunlap asserts that she presented some evidence showing that Tarrant was paid for his transportation costs and that Tarrant was in furtherance of the affairs of his employer. Even if there is some evidence that Tarrant was being reimbursed for his transportation costs, there must also be some evidence that Tarrant's injury was incurred in furtherance of the affairs of his employer. *See Coleman*, 303 S.W.2d at 374–75; *Rose*, 795 S.W.2d at 213–14. There is nothing in the record indicating that Tarrant was furthering the business of Pro Inspection at the time of his accident. Furthermore, since Tarrant's trip home was made for purely personal reasons, his return trip to work was not made in the furtherance of the affairs of Pro Inspection. *See Evans v. Ill. Employers Ins. of Wausau*, 790 S.W.2d 302, 305 (Tex.1990). Tarrant was merely traveling to the job site to begin his normal shift.

Dunlap presented no summary judgment evidence indicating that Tarrant was transporting supplies or performing some other work-related task at the time of the accident, that transportation was furnished as part of Tarrant's employment contract, that Tarrant was on the clock or being paid transportation expenses at the time of the accident, that Tarrant's employer controlled his means of transportation, or that Tarrant was in the furtherance of the affairs of his employer. We agree with the trial court's ruling that there is no summary judgment evidence showing that Tarrant was in the course and scope of his employment at the time of his injuries.

We therefore hold that the trial court did not err in granting the defendant's no-evidence motion for summary judgment. Dunlap's sole issue is overruled.

The judgment of the trial court is affirmed.