Opinion filed November 16, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00221-CV

                                                     __________

 

                             ANGELA
DUNLAP-TARRANT, Appellant

 

                                                             V.

 

           ASSOCIATION
CASUALTY INSURANCE COMPANY, Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. B117,383

 



 

                                                                   O
P I N I O N

 

Angela Dunlap-Tarrant appeals from a take-nothing
summary judgment in a workers=
compensation case.  The defendant,
Association Casualty Insurance Company, filed a traditional motion for summary
judgment and a no-evidence motion for summary judgment.  The trial court granted the no-evidence
motion.  We affirm.  








Dunlap asserts in her sole issue on appeal that
the trial court erred in granting summary judgment.  We must review a no‑evidence summary
judgment under the same standard as a directed verdict.  King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750‑51 (Tex.
2003).  Accordingly, we examine the
record in the light most favorable to the nonmovant and disregard all contrary
evidence and inferences.  Id.; Wal‑Mart Stores, Inc. v. Rodriguez,
92 S.W.3d 502, 506 (Tex.
2002).  A trial court must grant a proper
no-evidence motion for summary judgment unless the nonmovant produces more than
a scintilla of probative evidence to raise a genuine issue of material fact.  Tex.
R. Civ. P. 166a(i); Wal‑Mart, 92 S.W.3d at 506.  We may not consider any evidence presented by
the movant unless it creates a fact question. 
Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004). 


In its no-evidence motion, the defendant asserted
that there was no evidence that the injury in this case was compensable.  Death benefits are recoverable under the
Texas Workers=
Compensation Act[1]
if a compensable injury to the employee results in death.  Section 408.181.  A compensable injury is defined by Section
401.011(10) as Aan injury
that arises out of and in the course and scope of employment for which
compensation is payable.@  ACourse
and scope of employment@
is defined as: 

[A]n activity of any kind or character that has to
do with and originates in the work, business, trade, or profession of the
employer and that is performed by an employee while engaged in or about the
furtherance of the affairs or business of the employer.  The term includes an activity conducted on the
premises of the employer or at other locations. 
The term does not include:

 

(A) transportation to and from the place of
employment unless:

 

(i) the transportation is furnished as a part of
the contract of employment or is paid for by the employer;

 

(ii) the means of the transportation are under the
control of the employer; or

 

(iii) the employee is directed in the employee=s employment to proceed from one place
to another place; or

 

(B) travel by the employee in the furtherance of
the affairs or business of the employer if the travel is also in furtherance of
personal or private affairs of the employee unless:








(i) the travel to the place of occurrence of the
injury would have been made even had there been no personal or private affairs
of the employee to be furthered by the travel; and

 

(ii) the travel would not have
been made had there been no affairs or business of the employer to be furthered
by the travel.

Section 401.011(12).  

In this case, we must determine whether Dunlap
presented more than a scintilla of summary judgment evidence showing that
Robert L. Tarrant was acting within the course and scope of his employment at
the time of his fatal injury and, thus, incurred a compensable injury.  Dunlap filed a response to the defendant=s motions for summary judgment.  To her response, Dunlap attached her
deposition and documents from Tarrant=s
employer, Pro Inspection Inc. of Odessa.

Dunlap=s
summary judgment evidence showed that Tarrant left their home in Odessa in his personal pickup at 5:00 a.m. on Tuesday,
August 21, 2001, to drive to his job site B
a plant in Denver
 City.  Around 6:00 a.m., while on the way to Denver City,
Tarrant rolled his pickup and died later that morning from injuries sustained
in the accident.  Tarrant=s work shift was to start at 7:00 a.m.  Tarrant was paid a per diem of $50 for
lodging and meals on Monday through Thursday of each week.  Tarrant was also paid for travel time and
mileage on Monday morning and Friday evening. Rather than using the per diem to
stay in Denver City
on week nights, Tarrant chose to drive the 117.5 miles back to Odessa every night.  Pro Inspection=s
wage statement tended to indicate that Tarrant was paid for some mileage in
addition to one round trip between Odessa and Denver City
per week.

The general rule has long been that an injury
incurred in the use of public streets or highways while traveling to or from
work is not a compensable injury and does not occur in the course and scope of
employment because the general public is subject to the same risks.  Am. Gen. Ins. Co. v. Coleman, 303
S.W.2d 370, 374 (Tex.
1957); Rose v. Odiorne, 795 S.W.2d 210, 213 (Tex. App.CAustin 1990, writ denied).  There are exceptions to the rule as noted in
Section 401.011(12) and in case law.  See
Coleman, 303 S.W.2d at 374-75; Rose, 795 S.W.2d at 213-14.  








In her brief, Dunlap asserts that she presented
some evidence showing that Tarrant was paid for his transportation costs and that
Tarrant was in furtherance of the affairs of his employer.  Even if there is some evidence that Tarrant
was being reimbursed for his transportation costs, there must also be some
evidence that Tarrant=s
injury was incurred in furtherance of the affairs of his employer.  See Coleman, 303 S.W.2d at 374-75; Rose,
795 S.W.2d at 213-14.  There is nothing
in the record indicating that Tarrant was furthering the business of Pro
Inspection at the time of his accident. 
Furthermore, since Tarrant=s
trip home was made for purely personal reasons, his return trip to work was not
made in the furtherance of the affairs of Pro Inspection.  See Evans v. Ill.
Employers Ins. of Wausau, 790 S.W.2d 302,
305 (Tex.
1990).  Tarrant was merely traveling to
the job site to begin his normal shift.  

Dunlap presented no summary judgment evidence
indicating that Tarrant was transporting supplies or performing some other
work-related task at the time of the accident, that transportation was
furnished as part of Tarrant=s
employment contract, that Tarrant was on the clock or being paid transportation
expenses at the time of the accident, that Tarrant=s
employer controlled his means of transportation, or that Tarrant was in the
furtherance of the affairs of his employer. 
We agree with the trial court=s
ruling that there is no summary judgment evidence showing that Tarrant was in
the course and scope of his employment at the time of his injuries.  We therefore hold that the trial court did
not err in granting the defendant=s
no-evidence motion for summary judgment. 
Dunlap=s sole
issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

November 16, 2006

Panel
consists of:  Wright, C.J.,

McCall, J., and McCloud, S.J.[2]











[1]Tex. Lab. Code Ann. '' 401.001-419.007 (Vernon 2006). 





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.