Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00852-CV

**AMERICAN HOME ASSURANCE COMPANY**,
Appellant

v.

Noela **DE LOS SANTOS**, Individually and as Next Friend of Kimberly Ann Ruiz,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-11-45222-CV
Honorable Richard C. Terrell, Judge Presiding

## OPINION ON APPELLEE'S MOTION FOR REHEARING

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 19, 2012

REVERSED AND REMANDED

     After considering Noela De Los Santos's motion for rehearing, we grant the motion as set forth below. We withdraw our prior opinion and judgment of January 18, 2012, and substitute this opinion in its place.

Appellant American Home Assurance Company challenges a final judgment rendered in favor of appellee Noela De Los Santos on her claims for workers' compensation benefits. We reverse the judgment and remand to the trial court for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2005, Juan De Los Santos was fatally injured in a motor vehicle accident while driving from home to work. De Los Santos's widow, Noela, filed claims for workers' compensation benefits on her own behalf and on behalf of her minor child, Kimberly Ann Ruiz. The Texas Department of Insurance, Division of Workers' Compensation, determined De Los Santos did not sustain a compensable injury because he was not in the course and scope of his employment at the time of the accident. Mrs. De Los Santos challenged this unfavorable administrative decision by filing a petition for judicial review in the trial court.

In the trial court, the parties filed competing traditional motions for summary judgment on the issue of whether De Los Santos was in the course and scope of his employment at the time of the accident. The parties stipulated to the summary judgment evidence, and presented agreed facts to the trial court. According to the agreed facts, De Los Santos was an employee of Ram Production Services. He did not work in an office, but instead was assigned to work on a gas lease located on a large piece of fenced ranchland. The employer furnished De Los Santos with a company-owned truck and paid for work-related fuel expenses. The truck was not for personal use. De Los Santos spent a significant part of his workday traveling to wells and job sites within a designated area known as the Buck Hamilton Ranch. De Los Santos entered the ranch through the only entrance, a gate where he was signed in by a guard. De Los Santos traveled to the exact same location each day to begin his workday, which started at 6:00 a.m. De Los Santos was a salaried employee, who was not paid extra for his travel.

The accident that resulted in De Los Santos's death occurred on a public highway at approximately 5:50 a.m. while De Los Santos was traveling in the company truck from his home in Orange Grove, Texas, to the Buck Hamilton Ranch near Hebbronville to begin his workday. On the morning of the accident, De Los Santos was scheduled to meet Rogelio Clarke at a well located on the ranch. Clarke and De Los Santos were going to perform work on the well. Clarke was not an employee hired by the employer, but was De Los Santos's work-related acquaintance. The meeting was not scheduled by the employer. Clarke and De Los Santos had spoken on the phone to set up the meeting. De Los Santos had agreed to bring a barrel to the worksite to catch any petroleum liquid that spilled while they were working on the well.

Based on these agreed facts, the trial court concluded De Los Santos was in the course and scope of his employment at the time of the accident. The trial court granted Mrs. De Los Santos's summary judgment motion, and rendered a final judgment in her favor. The appellate record does not contain a written order expressly denying American Home's summary judgment motion; however, it does indicate the trial court implicitly denied this motion.

American Home appealed. On appeal, American Home argues the trial court erred in granting Mrs. De Los Santos's summary judgment motion, and in not granting its summary judgment motion.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard for reviewing a summary judgment is:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *U.S. Fire Ins. Co. v. Scottsdale Ins. Co.*, 264 S.W.3d 164-65 (Tex. App.—Dallas 2008, no pet.). When, as here, both parties move for summary judgment on the same issue, and the trial court grants one party's motion and denies the other party's motion, we may determine all questions presented. *Dorsett*, 164 S.W.3d at 661; *Scottsdale*, 264 S.W.3d at 165. We may affirm the trial court's summary judgment, reverse and render judgment for the other party if appropriate, or reverse and remand if neither party has met its summary judgment burden. *Scottsdale*, 264 S.W.3d at 165; *Calhoun v. Killian*, 888 S.W.2d 51, 54 (Tex. App.—Tyler 1994, writ denied).

## COURSE AND SCOPE OF EMPLOYMENT

Workers' compensation insurance compensates employees who sustain compensable injuries. *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 519 (Tex. 2007). A compensable injury means an "injury that arises out of and in the course and scope of employment for which compensation is payable." TEX. LABOR CODE ANN. § 401.011(10) (West Supp. 2012). To be considered in the course and scope of employment, the employee's injury must (1) relate to or originate in the employer's business, and (2) occur in furtherance of the employer's business. *See Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 241-44 (Tex. 2010)); TEX. LABOR CODE ANN. § 401.011(12). The employee must establish both elements to satisfy the course and scope requirement. *See Leordeanu*, 330 S.W.3d at 241; TEX. LABOR CODE ANN. § 401.011(12).

Work-required travel is in the course of employment, but not, as a general rule, travel between home and work. *Leordeanu*, 330 S.W.3d at 241-42. An employee's travel to and from work does not usually relate to or originate in the employer's business, because the risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers. *Id.* at 242. The general rule excluding travel between home and work from the course and scope of employment is known as the "coming and going rule." *Id.*

Notwithstanding the "coming and going rule," courts have come to recognize circumstances in which an employee's travel to and from work could potentially be in the course and scope of employment. *Zurich Amer. Ins. Co. v. McVey*, 339 S.W.3d 724, 728-29 (Tex. App.—Austin 2011, pet. denied). These circumstances, which have been codified, are when (1) the transportation is furnished as a part of the contract of employment or is paid for by the employer; (2) the means of the transportation are under the control of the employer; or (3) the employee is directed in the employee's employment to proceed from one place to another place. TEX. LABOR CODE ANN. § 401.011(12). The effect of satisfying one of these circumstances does not establish that the travel is in the course and scope of employment; rather, it establishes that such travel is not summarily excluded from being within the course and scope of the employment solely by virtue of the fact that the employee was traveling between home and work. *McVey*, 339 S.W.3d at 729 (citing *Rose v. Odiorne*, 795 S.W.2d 210, 213-14 (Tex. App.—Austin 1990, writ denied)).

### MRS. DE LOS SANTOS'S MOTION FOR SUMMARY JUDGMENT

We first address whether the trial court erred in granting Mrs. De Los Santos's motion for summary judgment. American Home argues the trial court erred in granting Mrs. De Los

Santos's summary judgment motion because she failed to meet her summary judgment burden. According to American Home, this case falls squarely under the general rule that travel from home to work is not in the course and scope of employment. In response, Mrs. De Los Santos points out that her husband was traveling in a company truck furnished as part of his employment contract, and argues in effect that her husband's travel originated in the employer's business because he was taking a route to a remote job location, was on a special mission at the time of the accident, and was transporting tools and equipment to the worksite.

Even though De Los Santos was traveling from home to work at the time of the accident, his travel could potentially be in the course and scope of his employment because he was driving a vehicle furnished by his employer as part of his employment contract. *See* TEX. LABOR CODE ANN. § 401.011(12)(A)(i). However, the fact that the employer furnished the truck involved in the accident is not, in and of itself, sufficient to establish that De Los Santos was in the course and scope of his employment. *See Texas Gen. Indem. Co. v. Bottom*, 365 S.W.2d 350, 353 (Tex. 1963) ("We have not said or held, however, that an employee is in the course of his employment whenever he rides in a vehicle owned, or is otherwise furnished transportation, by the employer."). To prevail on her summary judgment motion, Mrs. De Los Santos was still required to establish that her husband's travel originated in his employer's business, and her husband was in furtherance of the employer's business when the accident occurred.

As a general rule, an employee's travel originates in his employer's business if the travel was pursuant to the express or implied requirements of the employment contract. *McVey*, 339 S.W.3d at 730 (citing *Rose*, 795 S.W.2d at 214). There are various ways to prove that travel originates in an employer's business, and thereby establish this element of the course and scope of employment requirement. *Id.* Depending on the circumstances, evidence of employer-

provided transportation may show that an employee's travel originates in the employer's business. *Id.* (citing *Rose*, 795 S.W.2d at 214). However, "the mere gratuitous furnishing of transportation by the employer to the employee as an accommodation, and not as an integral part of the contract of employment, does not bring the employee, when injured in the course of traveling on streets and highways, within the protection of the [workers' compensation statute]." *Am. Gen. Ins. Co. v. Coleman*, 303 S.W.2d 370, 387 (Tex. 1957). In other words, employer-provided transportation that amounts to a necessity from the employer's perspective, and not just an accommodation to the employee, may be sufficient to prove that travel originated in the employer's business. *McVey*, 339 S.W.3d at 730 (citing *Rose*, 295 S.W.2d at 214). Additionally, evidence that the employee was on a "special mission" under the direction of his employer, or was performing a service in furtherance of his employer's business with the expressed or implied approval of his employer, may be probative of whether an employee's travel originates in the employer's business. *Id.*; *Bissett v. Texas Emp. Ins. Ass'n*, 704 S.W.2d 335, 337 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.).

There is no bright line rule for determining if employee travel originates in the employer's business; each situation is dependent on the facts. *McVey*, 339 S.W.3d at 730. No single fact is dispositive; courts consider the nature of the employee's job, the circumstances of the travel, and any other relevant facts. *Id.* As the Texas Supreme Court has stated,

> When an ordinary workman who lives at home and works at a fixed location is injured while going to or returning from work, his presence at the place of injury is causally related to the employment. The services for which he is employed cannot be performed unless he goes regularly to the place where the work is to be done, and in that sense he furthers the affairs or business of his employer by making the journey. The problem in each case is to determine whether the relationship between the travel and the employment is so close that it can fairly be said that the injury had to do with and originated in the work, business, trade or profession of the employer.

*Leordeanu*, 330 S.W.3d at 242 (quoting *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 292 (Tex. 1965)).

Mrs. De Los Santos argues her husband's injury originated in the business of the employer because he was traveling pursuant to the express or implied requirements of his employment contract. However, Mrs. De Los Santos does not point to evidence in the record of these employment contract requirements, and we have found none. Instead, Mrs. De Los Santos cites numerous cases to support her argument. Most of these cases are readily distinguishable from the present case.[1] The cases that provide the best support for her argument are *Rose v. Odiorne*, 795 S.W.2d 210, 215 (Tex. App.—Austin 1990, writ denied), and *Texas Emp. Assoc. v. Inge*, 208 S.W.2d 867, 869 (Tex. 1948). However, an examination of these cases underscores that the evidence here falls short of establishing travel originating in the employer's business.

In *Rose*, an employee was injured in an automobile accident while traveling from work to home. 795 S.W.2d at 212. According to a transportation arrangement coordinated by the employer, the employees usually drove together to the worksite using one of their own cars, and the employer compensated the driver for gas and expenses. *Id*. The trial court granted summary judgment in favor of the insurance carrier, but the appellate court reversed. *Id*. at 212-13. In reversing the summary judgment, the appellate court relied on evidence showing the worksite was remote, the travel was part of a plan the employer had for transporting the crews together so they arrived and left at the same time, the employer paid compensation for travel, and the employees traveled for four hours daily to reach the worksite. *Id*. at 215. The appellate court stated this proof did not establish that the employee was in the course of his employment, but it

---

[1]Two of the cases relied on by Mrs. De Los Santos are intermediate appellate court cases that were reversed by the Texas Supreme Court. *See Agric. Ins. Co. v. Dryden*, 388 S.W.2d 455 (Tex. Civ. App.—Beaumont 1965), *rev'd*, 398 S.W.2d 745 (Tex. 1965); *Thetford v. London Guar. & Accident Co.*, 286 S.W.2d 1113 (Tex. Civ. App.—Amarillo 1926), *rev'd*, 292 S.W.2d 857 (Tex. 1927).

also precluded a holding that the employee was outside the course and scope of his employment as a matter of law. *Id.*

In *Inge*, the Texas Supreme Court concluded that employees were in the course and scope of their employment when they were involved in an accident while being transported by another employee using his own vehicle to travel to a remote worksite. 208 S.W.2d at 869. The employer had made this transportation arrangement and was reimbursing the employee for the use of his vehicle. *Id.* In reaching its conclusion, the court stated "[t]he location of the drilling site in an uninhabited area made it essential that [the employer] furnish transportation to his employees in order to induce them to work on this job" and this arrangement "was an important part of their contract of employment." *Id.*

The present case is distinguishable from *Rose* and *Inge*. Here, the evidence shows that the employer provided De Los Santos with a company truck, but the evidence fails to establish why the truck was furnished. None of the stipulated facts address the issues of whether the employer provided De Los Santos with a company truck because the worksite was remote, or because the company-furnished truck was part of the employer's plan to have its employees arrive and leave at the same time. Nor do the stipulated facts show it was necessary for the employer to furnish De Los Santos with a company truck in order to induce him to work at this worksite. The evidence simply does not demonstrate that the company truck driven by De Los Santos was an integral part of his employment contract. And, the mere gratuitous furnishing of a vehicle by an employer to the employee as an accommodation is not sufficient to bring an employee within the protection of the workers' compensation statute. *Bottom*, 365 S.W.2d at 353; *Coleman*, 303 S.W.2d at 387.

Next, Mrs. De Los Santos argues the evidence established that De Los Santos was on a special mission when the accident occurred. We disagree. A special mission is essentially "shorthand for trips made by an employee under the direction and for the benefit of the employer." *McVey*, 339 S.W.3d at 730. Here, the evidence does not show that De Los Santos was on a special mission at the time of the accident. Rather, the evidence shows that De Los Santos was traveling on his customary route to his regular worksite. The evidence also shows De Los Santos was not acting under the specific direction of his employer at the time of the accident. To the contrary, the evidence shows that when De Los Santos arrived at the ranch, he was going to meet Clarke. De Los Santos's supervisor did not coordinate this meeting, nor did he instruct De Los Santos to meet with Clarke. In a related argument, Mrs. De Los Santos contends her husband's travel originated in the employer's business because he was transporting tools and equipment to the worksite at the time of the accident. The evidence, however, merely shows that Clarke and De Los Santos had agreed that De Los Santos would bring a barrel to the worksite that day to catch any petroleum liquid that spilled while they worked on the well. There was no evidence that the barrel was essential to the work to be performed. Considering all of these facts together, we conclude the evidence fails to establish that De Los Santos's travel originated in his employer's business. Therefore, the trial court erred in granting summary judgment in favor of Mrs. De Los Santos.[2]

## AMERICAN HOME'S MOTION FOR SUMMARY JUDGMENT

Finally, we address whether the trial court erred in denying American Home's motion for summary judgment. To be entitled to summary judgment, American Home was required to show

---

[2] American Home also argues the trial court erred in granting Mrs. De Los Santos's motion for summary judgment because she failed to establish that De Los Santos was furthering the employer's business at the time of the accident. In light of our conclusion that the evidence fails to show that De Los Santos's travel originated in his employer's business, we need not address this argument.

there was no genuine issue of material fact as to whether De Los Santos was acting outside the course and scope of his employment at the time of the accident, and that it was entitled to judgment as a matter of law. This required American Home to prove conclusively that De Los Santos's travel at the time of the accident did not originate in his employer's business. American Home argues it met its summary judgment burden. Nevertheless, the summary judgment evidence showed that (1) De Los Santos worked on a gas lease located on a large piece of fenced ranchland; (2) De Los Santos did not have an office or central location as a fixed place of employment; (3) De Los Santos spent a significant period of his work time traveling to wells and job sites within the ranch; (4) at the time of the accident De Los Santos was traveling from his home in Orange Grove, Texas to the ranch, which was located near Hebronville; (5) at the time of the accident De Los Santos was driving a truck owned by his employer; (6) the truck was furnished as part of De Los Santos's employment contract and was not for personal use; and (7) the employer paid for work-related fuel expenses. Indulging every reasonable inference in favor of Mrs. De Los Santos and resolving any doubts in her favor, we conclude there was a genuine issue of material fact as to whether De Los Santos's travel at the time of the accident originated in his employer's business. This genuine issue of material fact precluded the granting of summary judgment in American Home's favor. Therefore, we hold the trial court did not err in denying American Home's motion for summary judgment.[3]

---

[3]American Home appears to raise another issue in its brief, "Whether [Noela] De Los Santos and Kimberly Ann Ruiz are beneficiaries entitled to recover benefits for the death of Juan De Los Santos under the Texas Workers' Compensation Act." However, this issue is not supported by any independent argument and authorities, and therefore, is waived. *See* TEX. R. APP. P. 38.1(i) (providing the appellant's brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities and the record).

## CONCLUSION

In sum, both parties filed summary judgment motions on the same issue. The summary judgment evidence consisted of agreed facts stipulated to by the parties. However, both parties failed to establish they were entitled to judgment as a matter of law. We conclude the trial court erred in granting Mrs. De Los Santos's summary judgment motion, but did not err in denying American Home's summary judgment motion. We, therefore, reverse the trial court's judgment, and remand this case to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice