

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00054-CV
_____

PATRICIA STEEN, INDIVIDUALLY AND AS NEXT
FRIEND OF B.S., A MINOR, APPELLANT

V.

TEXAS MUTUAL INSURANCE COMPANY, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2016-521,658, Honorable William C. Sowder, Presiding

August 29, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this workers' compensation case concerning course and scope of employment, appellant Patricia Steen, individually and as next friend of the minor, B.S., appeals the trial court's judgment denying benefits for the death of her husband, Bill C. Steen. At the time of his death Steen was an employee of Caprock Construction, LLC whose workers' compensation carrier was appellee Texas Mutual Insurance Company. We will overrule Mrs. Steen's three issues and affirm the judgment of the trial court.

## Factual and Procedural Background

On February 23, 2015, Chuck Dorrity was the owner of Caprock, a "dirt contracting" company doing oil field work. It employed Steen as a motor-grader operator. Caprock assigned Steen a company pickup truck which he used for "both work and personal reasons." Although Dorrity and Steen lived in Lubbock, Caprock's office was in Greenwood, Texas, outside Midland. Evidence showed Dorrity did not go to the Greenwood office daily and generally did not require Caprock employees to do so either if a job was not in progress.

The evidence shows that on February 23 roadways in the Lubbock-Midland area were icy. At approximately 8:00 a.m. that day Steen was driving southbound in the company vehicle on State Highway 137 in Martin County, north of Stanton. He was accompanied by a friend, Dustin Hansen, who was also from Lubbock. Steen encountered an icy patch of pavement and lost control of the vehicle, which left the highway and rolled over. Steen died of his resulting injuries. Hansen sustained injuries but recovered.

After Texas Mutual denied Mrs. Steen's claim for worker's compensation death benefits, a hearing officer for the Texas Department of Insurance–Division of Workers' Compensation found that Steen was not in the course and scope of employment at the time of his death. The decision was affirmed by the appeals panel without opinion. Mrs. Steen then challenged the adverse administrative decision by filing a petition for judicial review in district court. After a hearing the district court rendered judgment affirming the Department's determination.

Analysis

By her first and second issues Mrs. Steen challenges the legal and factual sufficiency of the evidence supporting the trial court's determination that Steen did not sustain a compensable injury resulting in his death. The compensability issue this appeal presents is whether Steen was acting in the course and scope of his employment at the time of his death.

Mrs. Steen's contention her husband was acting in the course and scope of employment when the accident occurred is based primarily on Hansen's testimony that he believed he and Steen were traveling to meet Dorrity for an interview for Hansen's possible employment by Caprock. In support of its judgment, the trial court issued findings of fact which included the following:

> Billy Steen, Deceased (hereinafter "Decedent"), was employed by Caprock Construction as a motor grader operator on February 23, 2015.
>
> In late February 2015, Caprock Construction's business was down and the company did not have any jobs.
>
> Dorrity was not hiring any new employees in February 2015, and if he needed to hire a new employee in February 2015, he already knew of people looking for a job.
>
> In February 2015, Decedent asked Dorrity to talk to a friend of Decedent's, Dustin Hansen, who was a blade operator. As a courtesy to Decedent, Dorrity agreed to talk to Hansen at some unspecified time in the future, but also informed Decedent that he already had an employee with Hansen's skills, he did not need anyone else, and he was not planning on hiring anyone else.
>
> Dorrity did not set up a specific time or place to interview Hansen.
>
> The employer's office is in Greenwood, Texas. Dorrity did not go to the Greenwood office on a daily basis and did not expect employees to go in to the office when there were no jobs going on.
>
> On February 23, 2015, Dorrity did not plan to be at the Greenwood office but was staying in Lubbock.

Dorrity had no plans to interview Hansen on February 23, 2015.

Decedent died as a result of a motor vehicle accident which took place on February 23, 2015. His passenger, Dustin Hansen, survived.

Decedent's job duties did not include locating potential employees or arranging interviews with potential employees. Transporting a potential employee to an interview with the employer was not part of Decedent's job duties nor was it a condition of his employment.

Dorrity did not ask Decedent to arrange an interview with Hansen nor did he ask Decedent [to] bring Hansen to meet him for an interview.

At the time of the accident, Decedent drove a Ford F-350 truck owned by Caprock Construction. He used the truck for both business and personal reasons.

From our review of the record, we conclude the court's findings are supported by Dorrity's testimony or undisputed evidence, and Mrs. Steen does not challenge any specific finding the court made.

Following a bench trial, a court's findings are reviewed according to the legal and factual sufficiency standards by which jury findings are measured. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994); *AvenueOne Props. v. KP5 Ltd. P'ship,* 540 S.W.3d 643, 646 (Tex. App.—Amarillo 2018, no pet.); *see City of Keller v. Wilson,* 168 S.W.3d 802, 827-28 (Tex. 2005) (describing legal sufficiency standard of review); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986) (describing factual sufficiency standard of review).

The Texas Workers' Compensation Act provides employee compensation when injuries "'arise[] out of and in the course and scope of employment for which compensation is payable.'" *Seabright Ins. Co. v. Lopez,* 465 S.W.3d 637, 642 (Tex. 2015) (quoting TEX. LAB. CODE § 401.011(10) (defining "compensable injury")).

The Labor Code's definition of 'course and scope of employment' states, in pertinent part, that the phrase means:

an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations. The term does not include:

> (A) transportation to and from the place of employment unless:
>
> > (i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;
> >
> > (ii) the means of the transportation are under the control of the employer; or
> >
> > (iii) the employee is directed in the employee's employment to proceed from one place to another place . . . .;

TEX. LAB. CODE ANN. § 401.011(12) (West 2015).

To come within the general definition of course and scope of employment an injury must both (1) relate to or originate in, and (2) occur in the furtherance of the employer's business. *State Office of Risk Mgmt. v. Martinez,* 465 S.W.3d 266, 276 (Tex. 2017) (citing *Seabright Ins. Co.,* 465 S.W.3d at 642–45). Proof of the "origination" and "furtherance" elements is the burden of the injured worker. *Deatherage v. International Ins. Co.,* 615 S.W.2d 181, 182 (Tex. 1981).

The court found, and it is undisputed, that Caprock provided Steen a company vehicle and permitted both work-related and personal use of the vehicle. Transportation to and from the place of employment generally is excluded from the course and scope of employment. TEX. LAB. CODE ANN. § 401.011(12)(A); *Evans v. Illinois Employers Ins. of Wausau,* 790 S.W.2d 302, 304 (Tex. 1990). However, the statute excepts from that exclusion transportation to and from the place of employment if it is provided by the employer as part of the contract of employment or is paid by the employer. TEX. LAB.

5

CODE ANN. § 401.011(12)(A)(i); *Seabright Ins. Co.,* 465 S.W.3d at 645; *Leordeanu v. American Protection Ins. Co.,* 330 S.W.3d 239, 249 (Tex. 2010).

Even if the exception of section 401.011(12)(A)(i) for employer-provided transportation is met, however, the injured worker must still satisfy the statutory "originate in" and "in furtherance of the employer's business" elements of the general definition of course and scope of employment. *Seabright Ins. Co.,* 465 S.W.3d at 645; *Tex. Gen. Indem. Co. v. Bottom,* 365 S.W.2d 350, 353–54 (Tex. 1963); *Tex. Mut. Ins. Co. v. Jerrols,* 385 S.W.3d 619, 626 (Tex. App.—Houston [14th Dist.] 2012, pet. dism'd) (effect of exception is to remove travel from automatic exclusion of "coming and going" rule); *Zurich Am. Ins. Co. v. McVey,* 339 S.W.3d 724, 729 (Tex. App.—Austin 2011, pet. denied) (same).

Hansen testified that in a February conversation Dorrity "said for me to come down to Big Lake with Bill and he would talk to me about work but nothing was promised." He agreed on the day of the accident he and Steen "set out to travel to Caprock's place of business," and their purpose was "[t]o see if [Dorrity] was going to hire me as a finish blade operator." As the trial court's findings express, however, Caprock's office was not in Big Lake but in Greenwood. At trial Texas Mutual argued the evidence did not establish where Steen and Hansen were traveling at the time of their accident. The court did not make a finding concerning their destination. That the trial court rejected Hansen's version of the events, however, is evident from its findings, consistent with Dorrity's testimony, that Dorrity did not set up a specific time or place to interview Hansen, and that Dorrity did not plan to be at the Greenwood office that day, but was staying in Lubbock.

6

Even were the evidence to show that Steen's death occurred while he was traveling under a mistaken impression his friend Hansen would meet with Dorrity on their arrival at Big Lake, or Greenwood, we could not agree the record establishes that Steen's travel had to do with and originated in the work of his employer. Driving to and from work ordinarily is not an activity originating in the work of the employer because "[t]he risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers." *Leordeanu,* 330 S.W.3d at 242 (quoting *Evans,* 790 S.W.2d at 305). An exception to the general rule applies, however, for injuries incurred in an employee's travel "pursuant to express or implied conditions of his employment contract." *Seabright Ins. Co.*, 465 S.W.3d at 642 (quoting *Meyer v. W. Fire Ins. Co.*, 425 S.W.2d 628, 629 (Tex. 1968)); *Rose v. Odiorne,* 795 S.W.2d 210, 214 (Tex. App.—Austin 1990, writ denied). "Courts have generally employed a fact-intensive analysis to determine whether an employee's travel originated in the employer's business, focusing on the nature of the employee's job, the circumstances of the travel, and any other relevant facts." *Seabright Ins. Co.*, 465 S.W.3d at 642-43. In *Seabright* a worker was killed while driving himself and two of his coworkers from a company-provided motel to their remote job site hundreds of miles from his home. His employer provided him a company vehicle to drive to and from the job site. 465 S.W.3d at 644. The court analyzed the employer's business model, the nature of the worker's employment and the circumstances of his travel. It concluded the worker's travel from his temporary motel housing to the remote job site, and the risks associated with such travel "were dictated by [the employer's] business model and enabled by [its] provision of the vehicle and payment of per diem and other expenses." *Id.* It thus found the employer's provision of transportation to the temporary, remote work location was an

essential part of the worker's employment, and concluded the relationship between his travel and his employment was "so close that it can fairly be said his injury had to do with and originated in the work, business, trade or profession" of his employer. *Id.* (citation omitted); *see Tex. Emp'rs' Ins. Ass'n v. Inge,* 146 Tex. 347, 208 S.W.2d 867, 868-70 (1948) (like holding on similar facts); *Rose,* 795 S.W.2d at 214 ("When an injury occurs while an employee is traveling pursuant to the express or implied requirements of the employment contract, which requires him to subject himself to travel risks, the injuries are deemed to grow out of the employment and are considered to be incurred in the course of employment"). Mrs. Steen's evidence, by contrast, showed her husband was traveling from Lubbock, where they lived. More significantly, however, the trial court's findings preclude any contention on appeal that Steen's carriage of Hansen was an essential part of Steen's employment. Its findings include those that Caprock's business was down and it had no jobs at the time; Dorrity did not expect his employees to go in to their Greenwood office when there were no jobs going on; and that transporting a potential employee to an interview was not part of Steen's job duties nor a condition of his employment. Any contention Steen was engaged in a "special mission" is likewise foreclosed in this court by the finding Dorrity did not ask Steen to arrange an interview with Hansen "nor did he ask Steen [to] bring Hansen to meet him for an interview."[1]

The evidence supporting the trial court's conclusion that at the time of the February 23 accident Steen's fatal injury did not originate in his employer's work, trade, or

---

[1] The meaning of the term "special mission" is not defined by Labor Code section 401.011 but it "is shorthand for trips made by an employee under the direction and for the benefit of the employer." *McVey,* 339 S.W.3d at 730. It is an exception to the statutory transportation exemption, § 401.011(12)(A)(iii), and its evidence is probative of whether an employee's trip originated in the employer's business. *McVey,* 339 S.W.3d at 730.

profession is supported by more than a scintilla of evidence and is not so against the great weight and preponderance of the evidence to be manifestly unjust. Mrs. Steen's first and second issues are overruled.

By her third issue, Mrs. Steen contends the trial court erred in failing to render a division order for payment of her attorney's fees. "An insurance carrier shall pay death benefits to the legal beneficiary if a compensable injury to the employee results in death." TEX. LAB. CODE ANN. § 408.181(a) (West 2015). Additionally, Labor Code Section 408.221(b) provides in relevant part that, with exceptions not here applicable, an attorney's fee shall be paid from the claimant's recovery. TEX. LAB. CODE ANN. § 408.221(b) (West 2015).

The trial court affirmed the Department's denial of Mrs. Steen's request for death benefits and we have overruled her issues challenging that determination. Because Steen did not sustain a compensable injury there was no claimant's recovery. Because there was no claimant's recovery, attorney's fees were properly denied. Mrs. Steen's third issue is overruled.

## Conclusion

Having overruled Mrs. Steen's three issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

9